Citation Nr: 1441515 
Decision Date: 09/17/14 Archive Date: 09/22/14

DOCKET NO. 11-29 144 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Lincoln, Nebraska


THE ISSUE

Propriety in the reduction of Department of Veterans Affairs (VA) compensation benefits due to receipt of 15 days drill pay during fiscal year 2009.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

K. Fitch, Counsel


INTRODUCTION

The Veteran served on active duty from May to September 2003, and from January 2004 to March 2005. His decorations include the Combat Action Badge.

This matter comes before the Board of Veterans' Appeals (Board) from an April 2011 decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Lincoln, Nebraska, that withheld in VA benefits from May 1, 2011 to May 16, 2011 due to receipt of 15 days drill pay during fiscal year 2009. The Veteran timely appealed this decision and RO issued a statement of the case dated in October 2011. The Veteran filled his substantive appeal in October 2011.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran has essentially denied that he participated in drills during the period in question. The RO requested documentation from the service department; however, service personnel records later associated with the claims file do not contain this information. 

Accordingly, the case is REMANDED for the following action:

1 Contact the service department and request that it verify all specific days that the Veteran performed active/inactive duty during fiscal year 2009 and the amount of pay that he received for such duty. 

2. If any benefit sought on appeal remains denied, issue a supplemental statement of the case. Then return the case to the Board, if otherwise in order.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
Mark D. Hindin
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).